IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                          NO. 2:25-CR-045-Z

NICHOLAS JADE HERRMANN

## FACTUAL RESUME

In support of Nicholas Jade Herrmann's plea of guilty to the offense in Count One

of the Indictment, Herrmann, the defendant, David Sloan, the defendant's attorney, and

the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation

of 18 U.S.C. § 2422(b), that is, Enticement of a Minor, the government must prove each

of the following elements beyond a reasonable doubt:[1]

| | |
|---|---|
| *First.* | That the defendant knowingly persuaded, induced, enticed, or coerced, or attempted to do so, an individual to engage in any sexual activity, as charged in the indictment; |
| *Second:* | That the defendant used the Internet, a cell phone, or any facility or means of interstate or foreign commerce to do so; |
| *Third:* | That the defendant believed that such individual was less than 18 years of age; and |
| *Fourth:* | That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of Section 21.12 (Improper Relationship Between Educator and Student) under the laws of Texas. |

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2024).

Nicholas Jade Herrmann
Factual Resume—Page 1

It is not necessary for the government to prove the individual was in fact less than 18 years of age; but it is necessary for the government to prove the defendant believed such individual to be under that age.

It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed, coerced, into engaging in the described sexual activity, as long as it proves the defendant intended to persuade, induce, entice, or coerce the individual to engage in some form of unlawful sexual activity with the defendant and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the defendant's criminal attempt. Mere preparation is not enough.

As a matter of law, the following is a crime under Texas law:[2]

*First.*    The defendant was an employee of a public or private primary or secondary school;

*Second.*    The defendant engaged in sexual contact, sexual intercourse, or deviate sexual intercourse with a person who was enrolled in a public or private primary or secondary school at which the defendant worked; and

*Third.*    This happened in Texas.

The student does not have to be a minor under Texas state law for an educator to violate this statute. *See Ex parte Morales*, 212 S.W.3d 483 (Tex. App.—Austin 2006, pet. ref'd.).

## STIPULATED FACTS

1.    Nicholas Jade Herrmann admits and agrees that from on or about February 5, 2024, to on or about January 28, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly use a facility and means of interstate

---

[2] Texas Penal Code Section 21.12.

Nicholas Jade Herrmann
Factual Resume—Page 2

or foreign commerce, including a cellular telephone, to persuade, induce, entice, and coerce, and attempt to do so, an individual who had not attained the age of eighteen years to engage in any sexual activity for which he could be charged with a criminal offense, that is, Improper Relationship Between Educator and Student, in violation of Texas Penal Code, Section 21.12. In violation of Title 18, United States Code, Section 2422(b).

2.    At all times material to this factual resume, Nicholas Jade Herrmann was an adult and an assistant wrestling coach at Tascosa High School in Amarillo, Texas. In January 2025, Herrmann was 31 years old. "Jane Doe" was a student at Tascosa High School and wrestled on the wrestling team. In January 2025, Doe was a senior and 17 years old. At all times material to this factual resume, Herrmann and Doe were not married to each other.

3.    Herrmann knew Doe through wrestling at Tascosa High School. Herrmann was one of the assistant wrestling coaches and helped Doe wrestle and attend tournaments. Herrmann and Doe began communicating via text message on or about February 5, 2024, when Doe messaged Herrmann a question about wrestling. Herrmann and Doe continued to communicate via text message until on or about January 28, 2025. During that time, they exchanged 4,452 messages between each other. As the text conversation progressed, it moved from being professional to more personal, including Herrmann discussing Doe's personal and dating life. Eventually, Herrmann's messages to Doe became more flirtatious and eventually sexually explicit.

4.    In January 2025, when Doe was 17 years old and a senior, Herrmann and Doe began exchanging sexually explicit text messages and discussing their desire to

Nicholas Jade Herrmann
Factual Resume—Page 3

engage in sexual activity with each other. Herrmann told Doe several times that they had to wait until she turned 18, which was only a couple of months away, and graduated. Around January 24, 2025, Herrmann decided he could not wait any longer and sent Doe explicit messages about the sexual acts he wanted to do to her. Herrmann encouraged Doe to sneak out of her house in the early morning hours of January 25, 2025, and go to his house, which was only a short distance from hers. Herrmann told Doe that he did not have a condom, but they agreed that was fine.

 5. Some of the messages Herrmann sent Doe on January 25, 2025, including:

- I want to fucking taste you so bad

- Yeah I need you to be here with me

- It is right down the street…. [referring to his house]

- I want you so fucking bad

- I want you to ride my face

  And just let me take control of you

- I need you

  I want you

  I have to have you

- You already have me. Like I want you so fucking bad and I want you to just be mine.

- Idk. Like I have to have you. You have to be mine.

- I want you to come get dicked down rn [right now]

Nicholas Jade Herrmann
Factual Resume—Page 4

- I want you to come be a good girl for me

- I really just want you to sit on my face rn [right now]

- Like when you're choking on my dick?

- I need you right now

  Like right right now

- I want you to come get dicked down

- Well actually I'm going to be completely honest and say you might only get some

  head

  I'm kinda more drunk than I thought

- Come over and I'll eat you out?

6.      Around 1:30 a.m. on January 25, 2025, Doe snuck out of her house and went to Herrmann's house.  Herrmann had sexual intercourse with Doe twice while she was there.  Doe arrived back home around 5:10 a.m. on January 25, 2025, and went to a wrestling tournament early that morning.  Herrmann and Doe continued to text each other discussing the night before and getting together again.  Herrmann continued to tell Doe his sexual plans for her including the following:

- I need to be choking you

- Making you moan my name and calling me daddy

- I need you

- I really really really hope I get to see you tonight

- I want you so fucking bad

Nicholas Jade Herrmann
Factual Resume—Page 5

- I fucking need you

- Do you know how hard it's been for to not just grab you and pull you into me

- I wish I could torture you

  Just tease you until you're begging

- And literally fuck your throat until you're crying

- I literally need you

  Like I need to be inside of you

  Just fucking you as hard as I can right now. I want to hurt you

- But like I'm not just saying that I need to do it. Right now. It's like this primal urge to just fucking tear you apart.

7.    Doe met Herrmann at his house again in the early morning hours of January 26, 2025, and Herrmann again had sexual intercourse with Doe.

8.    On January 28, 2025, administrators at Tascosa High School learned of the possibility of an inappropriate relationship between Herrmann and Doe when other students were discussing it. When questioned about it, Doe initially denied anything inappropriate between her and Herrmann and showed her phone, which revealed no text messages between them.

9.    The school notified the Amarillo ISD Police Department, and the police chief attempted to speak to Herrmann about the allegations. Herrmann lied to the police chief about the location of his cell phone and then appeared to delete messages from his

Nicholas Jade Herrmann
Factual Resume—Page 6

phone. Herrmann did not speak to the police chief and drove away from the school with his phone.

10. Doe's parents were notified about the allegations. Doe's parents located an iPad at the home that was synched to Doe's iPhone. The iPad revealed the messages between Doe and Herrmann. Doe's parents turned Doe's phone and the iPad over to the Amarillo Police Department and the messages were downloaded. Doe was interviewed a second time and confirmed the relationship between her and Herrmann was more than just coach and student. Doe told law enforcement that Herrmann had sexual intercourse with her three times: twice on January 25 and once on January 26.

11. Herrmann and Doe communicated using cellular telephones, including at least one Apple iPhone, which operates as a computer and utilizes the Internet to facilitate the sending of text messages. Apple iPhones are not manufactured in the State of Texas, therefore, prior to its use by Doe in Amarillo, Texas, it had at some time traveled in interstate or foreign commerce. Through their text messages, Herrmann persuaded, induced, enticed, and coerced, and attempted to do so, Doe to engage in sexual activity with him. Herrmann knew Doe was a minor and 17 years old at the time he messaged her and engaged in sexual activity with her. Herrmann knew Doe was a student at the school where he was employed as an educator and wrestling coach. Herrmann admits and agrees the sexually activity he engaged in and enticed Doe to engage in was such that he could have been charged with a criminal offense, specifically a violation of Texas Penal Code § 21.12 (Improper Relationship Between Educator and Student).

Nicholas Jade Herrmann
Factual Resume—Page 7

12.     Herrmann agrees that he committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 13ᵗʰ day of ___JANUARY___, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
NICHOLAS JADE HERRMANN
Defendant

_____
DAVID SLOAN
Attorney for Defendant

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel:  806-472-7564
Fax:  806-472-7394
Email:  callie.woolam@usdoj.gov

Nicholas Jade Herrmann
Factual Resume—Page 8